IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>KEMP DUANE BROADIE | Criminal Action No.<br><br>1:19-CR-00155-MLB-JKL |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Teresa M. Stolze, Assistant United States Attorney, and submits the following Sentencing Memorandum addressing the advisory guidelines range applicable to the Defendant and the Government's recommendation for an appropriate sentence based on the factors set out in Title 18, United States Code, Section 3553(a) that, taken together, support a sentence of 78 months of imprisonment followed by 5 years of imprisonment as to Count Five, consecutive to all other counts, for a total sentence of 78 months plus 5 years in the above-captioned case.

## Introduction

Defendant, Kemp Broadie, entered a guilty plea on November 19, 2019 to all counts of the superseding indictment (Doc. 54), including conspiracy to possess with intent to distribute a controlled substance (Count One), in violation of Title 21, United States Code, Section 846; two counts of possession with intent to

distribute heroin (Counts Two and Three), in violation of Title 21, United States Code, Section 841(b)(1)(B); possession with intent to distribute 500 grams or more of cocaine and 100 grams or more of heroin (Count Four), in violation of Title 21, United States Code, Section 841(b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime (Count Five), in violation of Title 18, United States Code Sections 924(c)(1)(A) and (2), and possession of a firearm affecting interstate and foreign commerce, knowing he had been previously convicted of a drug trafficking felony punishable by more than one year (count Six), in violation of Title 18, United States Code, Section 922(g).  (Doc. 78.).

The United States Probation Office issued its final Pre-Sentence Investigation Report ("PSR") on February 14, 2018.  The PSR determined that the Defendant is accountable for 1,998.53 kg of converted drug weight, and thus calculated the base offense level of the United States Sentencing Guidelines ("U.S.S.G."), for Counts One, Two, Three, and Four is level 30.  (PSR ¶ 26-28.)  The PSR also determined the U.S.S.G. range for a violation of Possession of a Firearm in Furtherance of a Drug Trafficking crime, in violation of Title 18 United States Code 924(c) is the mandatory minimum required by statute, or five years.  (PSR ¶ 33.).  Finally, the PSR determined the base offense level of the U.S.S.G. for Count Six, Convicted Felon in Possession of a Firearm, is 20.  (PSR ¶ 34.).  The probation officer applied a 2-level increase because offense involved at least three firearms.  (PSR ¶ 35.).  After all grouping calculations were made, the PSR determined the guidelines for Counts One through Four yield the highest adjusted offense level of 30.  (PSR ¶ 40.).  The probation officer applied a 3-leevl

2

increase for acceptance of responsibility for a total offense level of 27. Defendant's Criminal History Category ("CH") is I. (PSR ¶ 50.) The corresponding advisory guidelines range for Offense Level 27 and CH I recommends imprisonment for a term of 70 - 87 months, plus five years imprisonment for count Five. (PSR, Part D. Sentencing Options.).

The government urges the Court to impose a sentence of 78 months of imprisonment plus five years imprisonment for count Five. Said recommendation is at the middle of the Guidelines range based on a consideration of the factors under Title 18, United States Code, Section 3553(a).

**I.    A sentence of 78 months of imprisonment plus five years is substantively reasonable considering the factors set forth in 18, United States Code, Section 3553(a).**

The Court must first correctly calculate the applicable Guidelines range, and then consider the § 3553(a) factors in determining the appropriate sentence. Section 3553(a) requires district courts to consider the following factors in imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect (A) the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to provide general deterrence; (C) to provide specific deterrence; and (D) to provide the defendant with appropriate rehabilitation options; (3) the kinds of sentences available; (4) the advisory Guidelines range; (5) the Guidelines' policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide

restitution. 18 U.S.C. § 3553(a)(1)–(7). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).

**A. A mid Guidelines range sentence is reasonable and appropriate to address Defendant's continued drug trafficking activity and possession of dangerous weapons.**

In this case, the Defendant possessed with the intent to distribute both cocaine and heroin on three different occasions in March, 2019. (PSR. ¶¶ 14, 15, 16-22.). The PSR determined the Defendant is accountable for 1,998.kg of converted drug weight in total for those transactions. (PSR. ¶ 22.). However, despite the PSR calculating his criminal history category at level I, this is not the Defendant's first drug offense or the last of his drug distribution related conduct.

Regarding his past conduct, The Defendant was previously convicted of possession of marijuana in Cobb County, Georgia in 1999, and Possession of MDMA in Cobb County, Georgia in 2001. In addition, even after the Defendant's arrest in this case, Defendant continued to make calls from inside jail to arrange for the sale of additional illegal drugs. (PSR. ¶ 23.).

In regards to the charged conduct, Defendant's drug trafficking operation was sophisticated enough for the Defendant to negotiate the sale of kilogram quantities of drugs and for him to have equipment and supplies in his residence used to help facilitate drug trafficking and distribution. (PSR. ¶ 16, 19, 21.). For example, inside Defendant's residence agents located multiple items which

4

suggest the presence of a more sophisticated drug operation: a hydraulic presses, various bottles of adulterant, a food saver vacuum sealing machine, a money counter, and multiple firearms, including an AR style weapon. (PSR. ¶ 21.).

Although Defendant has faced increasing criminal consequences for his drug related activity, he has not been deterred from distributing illegal drugs, conspiring with others to conduct drug trafficking activity, or from possessing dangerous firearms. Defendant's conduct demonstrates a lack of respect for the law and a likelihood of re-offense. A mid Guidelines range sentence of 78 months of imprisonment (followed by five years imprisonment for Count Five) is reasonable and necessary to deter the Defendant from continued drug trafficking, protect the public and to promote respect for the law.

**B. A below Guidelines sentence of 10 years, as the Defendant suggests, is insufficient to address Defendant's conduct.**

In his sentencing memorandum, Defendant makes several arguments in support of his suggestion for a sentence to the mandatory minimum of 10 years. (Doc. 87.). First, the Defendant states he was "immediately cooperative" and that he "admitted that there were guns, other people, and more drugs in his house." (Doc. 87.). The Government agrees, as stated in the PSR, that the Defendant told law enforcement there were "probably" guns, more drugs, and additional people inside the house. (PSR. ¶ 20.). However, the Defendant has not provided additional information to the Government since that time. Defendant's

cooperation did not rise the extent of "substantial assistance" within the definition of U.S.S.G. 5k1.1.

The Defendant also states in his sentencing memorandum that not providing additional information to the Government has "cost him dearly." (Doc. 87.). The Government did engage in early conversations with Counsel for the Defendant regarding several possible outcomes related to a potential plea agreement. However, no agreements were reached and no promises were made to the Defendant in regards to a plea agreement.

A sentence of ten years, as suggested by the Defendant, is well below the guidelines and is not supported by the factors set forth in 18, United States Code, Section 3553(a).

## Conclusion

Wherefore, the Government respectfully urges the Court to sentence Defendant to serve a term of 78 months followed by five years in the custody of the U.S. Bureau of Prisons.

This 14th day of February, 2020.

        Respectfully submitted,

        BYUNG J. PAK
           *United States Attorney*

        /s/TERESA M. STOLZE
           *Assistant United States Attorney*
        Georgia Bar No. 151873
        Teresa.stolze@usdoj.gov

# Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

        Mr. Colin M. Garrett

February 14, 2020

        /s/ TERESA M. STOLZE

        TERESA M. STOLZE

        *Assistant United States Attorney*